**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| NAKIA FENNER, | : | |
| | : | |
| Petitioner, | : | Civil Action No. 05-1392 (JAG) |
| | : | |
| v. | : | |
| | : | **O P I N I O N** |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**GREENAWAY, JR., U.S.D.J.**

Petitioner Nakia Fenner ("Petitioner") filed this pro se petition seeking a writ of habeas

corpus, pursuant to 28 U.S.C. § 2255 ("§ 2255").[1]  Petitioner contends that his sentence should

be vacated or amended for three reasons.  First, Petitioner claims that his sentence should be

vacated because the sentencing court erred when it increased Petitioner's base offense level by

two points for possession of a firearm.  Second, Petitioner alleges that the United States

Sentencing Guidelines were applied in an unconstitutional manner to his case.   Third, Petitioner

claims that his sentence should be amended, because the Bureau of Prisons was negligent,

causing him to suffer severe physical injuries, and failed to award his good time credits properly,

---

[1]  28 U.S.C. § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of
> Congress claiming the right to be released upon the ground that the
> sentence was imposed in violation of the Constitution or laws of the
> United States, or that the court was without jurisdiction to impose
> such sentence, or that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or
> correct the sentence.

thereby depriving him of a reduction of his sentence.  For the reasons set forth below, this petition is denied.

## BACKGROUND

Between August 1998 to August 2000, Petitioner and seven other individuals, members of the "Crips"organization, conspired to distribute heroin, cocaine and cocaine base ("crack"). (Answer dated July 14, 2005, at 1.)  On August 22, 2001, a federal grand jury in the District of New Jersey issued a multi-count indictment, charging Petitioner and others with conspiracy to distribute, and possession with intent to distribute, heroin, cocaine, and cocaine base, in violation of  21 U.S.C. § 846.[2]  (Petitioner's Brief filed March 6, 2005 ("Pet. Br."), at  2.)  On April 30, 2002, Petitioner pled guilty to conspiracy to distribute heroin.  In his plea agreement with Respondent, Petitioner waived his right to challenge his sentence, pursuant to 28 U.S.C. § 2255. (Answer at 2.)

On November 4, 2002, the District Court sentenced Petitioner to a term of imprisonment of 87 months and four years of supervised release.  (Answer at 2.)  Petitioner did not file an appeal seeking direct review of his conviction or sentence.  On March 6, 2005, Petitioner filed the instant motion to vacate his sentence under 28 U.S.C. § 2255.  On July 14, 2005, the United States Government filed an answer.

## LEGAL STANDARD

Federal prisoners may seek relief under § 2255 for any of the following reasons: (1) the

---

[2]  21 U.S.C. § 846 provides, in pertinent part:

> Any person who attempts or conspires to commit any offense defined in this title shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

sentence violated the United States Constitution; (2) the Court did not have proper jurisdiction; (3) the sentence exceeded the maximum allowed by law; or (4) the sentence is subject to collateral attack on other grounds.   See 28 U.S.C. § 2255.  Errors that may justify reversal on direct appeal are not necessarily sufficient to support relief on collateral review, as § 2255 is not a substitute for direct appeal.  See United States v. Addonizio, 442 U.S. 178, 184 (1979).  Section 2255 is intended to address "fundamental defects," such as jurisdictional or constitutional errors, that may have resulted in a "complete miscarriage of justice," or an outcome that is "inconsistent with the rudimentary demands of fair procedure."   United States v. Timmreck, 441 U.S. 780, 784 (1979) (internal citations omitted).

        The ability to obtain relief under § 2255 is not unlimited.  See Solis v. United States, 252 F.3d 289, 295 (3d Cir. 1989).  For example, a petitioner "would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous."  Id.  Courts have the discretion to dismiss a § 2255 motion summarily "where the motion, files, and records show conclusively that the movant is not entitled to relief."  United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 199 4).  In addition, prisoners must seek relief within the one year statute of limitation set forth in § 2255.  The time limitation for filing motions under § 2255 is addressed at greater length below.

## DISCUSSION

        Petitioner raises three claims in support of the instant motion to vacate his sentence. First, Petitioner claims that the Court erred when it increased Petitioner's base offense level by two points for possession of a firearm, in violation of his rights under the sixth amendment.  (Pet. Br. at 3.)  Second, Petitioner argues his sentence is inconsistent with Blakely v. Washington, 542

3

U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).  (Pet. Br. at 5.)  Third, Petitioner claims that his sentence should be amended, because the Bureau of Prisons was negligent, causing him to suffer severe injuries, and failed to award his good time credits properly.

Respondent contends Petitioner's request should be dismissed because, in his plea agreement with Respondent, Petitioner knowingly and voluntarily waived his right to challenge his sentence under § 2255.  (Answer at 2.)  Furthermore, Respondent contends that Petitioner's motion was filed after the one year statute of limitations expired, and therefore, is time-barred. (Answer at 3.)  Finally, Respondent asserts that, even if the motion were not barred by waiver, and deemed timely by this Court, Petitioner's claims seeking retroactive application of United States v. Booker, 125 S. Ct. 738 (2005), and for the consideration of post-sentencing events lack merit and must be denied.  This Court agrees, and accordingly, Petitioner's motion is denied.

## I.   Waiver of Right to File § 2255 Motion

Waivers of appeals are valid and enforceable as long as they are entered into knowingly and voluntarily, and they do not work a miscarriage of justice.  United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001).  The same principle applies in the context of a defendant waiving his right to seek collateral relief under 28 U.S.C. § 2255.  See United States v. Garrett, No. 03-6176, 2005 WL 768761 (10th Cir. 2005); United States v. Jeronimo, 398 F.3d 1149 (9th Cir. 2005); United States v. White, 307 F.3d 336 (5th Cir. 2002).

As a preliminary matter, this Court must consider whether, by stipulating to the plea agreement, Petitioner waived his right to file this petition.  That stipulation provides in part:

> Defendant knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing including, but

4

not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than 25.

(Answer at 2) (quoting Plea Agreement dated January 16, 2002, Schedule A at ¶ 7).

On April 30, 2002, Petitioner entered into a guilty plea before the sentencing court. At the plea hearing, the sentencing court ensured that Petitioner knowingly and voluntarily waived his right to appeal. The Court addressed the petitioner personally in open court:

Q[3]:    Now, going back to questions that I asked you before, can I infer that when you signed this agreement, you did so voluntarily, meaning of your own free will, and you did so knowingly, meaning you understood that which you were doing?

A:    Yes.

Q:    Okay. I now want to go over your plea agreement with you, and your plea agreement is on the stationary of the United States Attorney, and on the next-to-the-last page there are two signatures, today's date, yours, Nakia Fenner/Rajore Derricotte. Correct?

A:    Yes.

Q:    And that of Mr. Fusella, who witnessed your signature. True?

A:    Yes.

Q:    Okay. Did you read this document before you signed it?

A:    Yes.

Q:    Did you understand it?

A:    Yes.

Q:    If you have any questions, did you pose those questions to Mr. Fusella and did he answer

_____

[3]The Court posed the questions to the Petitioner.

5

your questions to your satisfaction?

A:      Yes.

(Plea Transcript at 9-10.)  The dialogue between the Court and Petitioner clearly prove that

Petitioner knowingly and voluntarily waived his right to appeal.

At sentencing, on November 4, 2002, the sentencing court determined that Petitioner

should be sentenced at a base offense level of 25, and a criminal history category of 3, which

resulted in a sentencing range from 70 to 87 months.  The sentencing court imposed a sentence,

in accordance with the plea agreement's requirement of an offense level of 25, that satisfies the

waiver provision of paragraph 8.  The waiver applies and no appellate rights of petitioner are

preserved.

Petitioner has provided no reason why this Court should void the waiver of his right to

file a § 2255 petition.  He has not presented a basis for concluding that he did not waive his right

to file a § 2255 motion knowingly and voluntarily.

In addition, enforcing the waiver will not amount to a miscarriage of justice in this case.

To determine whether a waiver of the right to appeal amounts to a miscarriage of justice, courts

should consider, among other things, "[t]he clarity of the error, its gravity, its character . . . the

impact of correcting the error on the government, and the extent to which the defendant

acquiesced in the result."  Khattak, 273 F.3d at 563 (citation omitted).  These factors are

concerned with the circumstances where there has been an error, such as issues related to the

facts or sentencing guidelines.  Id. at 562-63 (citation omitted).  In the instant case, the Petitioner

does not contend that any error exists.  Based on these facts, enforcing the waiver in the plea

agreement will not amount to a miscarriage of justice.

6

Accordingly, the waiver is valid and enforceable, and precludes Petitioner from filing the instant motion.  Thus, the petition should be  denied.[4]

## II.    **Statute Of Limitations**

Under 28 U.S.C.§ 2255, petitioners are limited to a one-year period in which to move to vacate or set aside their sentence.  Specifically, § 2255 provides, in pertinent part, that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> 1)   the date on which the judgment of conviction becomes final;
> 2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> 3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the instant case, the statute of limitations began to run when the judgment became final.[5]  In cases where a defendant does not seek direct review by the court of appeals, a conviction becomes "final" on the date on which the time for filing a direct appeal expires. See Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).  Under the Federal Rules of Appellate Procedure, a defendant must file a notice of appeal in the district court within ten days of the entry of judgment.  See FED. R. APP. P. 4(b).  Therefore, if a defendant does not file a

---

[4] Although this Court need not reach the merits of the Petitioner's claim because he knowingly and voluntarily waived his right of an appeal under § 2255, in the absence of a reply from Petitioner, this Court addresses alternative bases for its resolution of this case.

[5] Petitioner does not assert, nor can this Court discern, a basis for concluding that any of the other three triggers are relevant.

notice of appeal within ten days of the entry of his conviction, that conviction becomes "final" for purposes of triggering the statute of limitations under § 2255, and the one-year clock begins to run.[6]

This Court measures the timeliness of Petitioner's motion from the date on which the judgment of conviction became final. See supra note 3. Petitioner was sentenced on November 4, 2002, and he did not file a direct appeal. Therefore, his conviction became final ten days after such judgment was entered, when, pursuant to the Federal Rules of Appellate Procedure, the right to file for direct review expired. (Answer at 4.) The one year period started on or about November 18, 2002, and concluded one year later on or about November 18, 2003. Petitioner, did not file his petition until March 6, 2005, long after the statute of limitations had expired.

Further, Petitioner provides no legal argument to demonstrate that his situation is a "rare and exceptional case" that demands equitable tolling. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). In this Circuit, the statute of limitations may be subject to equitable tolling for a habeas petitioner in only four circumstances, none of which apply to Petitioner's case. These circumstances include:

1)   where the defendant actively misled the plaintiff;
2)   where the plaintiff was in some extraordinary way prevented from asserting his rights;
3)   where the plaintiff timely asserted his rights mistakenly in the wrong forum; or
4)   where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

---

[6] Petitioner also does not suggest a basis for applying an alternative method of calculating the point at which his conviction became final, for purposes of determining when the statute of limitations began to run.

Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Finally, were this Court to determine the actual merit of Petitioner's claims, it only would serve to "frustrate[] the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after judgment of conviction becomes final unless any of the other circumstances in 28 U.S.C. § 2255 are applicable." United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999). Therefore, this Court finds that Petitioner's motion is untimely, and that relief may not be properly granted under § 2255.

## CONCLUSION

For the reasons set forth in this opinion, this Petition is denied.  Further, pursuant to 28 U.S.C. § 2253(c)(2), because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not be issued.


DATED: August   4th  , 2005

　　　　　　　　　　　　 S/Joseph A. Greenaway, Jr.　　　　　　
　　　　　　　　　　　　JOSEPH A. GREENAWAY, JR., U.S.D.J.